# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50576
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FEDERICO SALDANA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-371-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Federico Saldana entered a conditional guilty plea to possession with intent to distribute five kilograms or more of cocaine and was sentenced to 120 months in prison. Saldana now exercises the right he reserved to appeal the denial of his motion to suppress evidence discovered following a traffic stop.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50576

When reviewing a denial of a motion to suppress evidence, we review factual findings for clear error and the ultimate constitutionality of law enforcement action de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). The legality of an investigatory traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004). First, we determine whether the initial traffic stop was justified. *Id.* Here, the initial traffic stop of Saldana's vehicle was legally justified by objectively reasonable suspicion, viz., that Saldana committed several traffic violations in the presence of officers. *See United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).

Under the second prong of *Terry,* we determine whether the officers' subsequent actions were "reasonably related to the circumstances that justified the stop, or to dispelling [the] reasonable suspicion developed during the stop." *Brigham*, 382 F.3d at 507. Following the initial stop of the vehicle, the officers' questioning of Saldana and their observations gave rise to reasonable suspicion of additional criminal activity, specifically narcotics trafficking, warranting Saldana's continued detention. *Id.* These included, inter alia, Saldana's nervous behavior, his inconclusive or vague explanation for the purpose of his trip, his prior criminal history, and the overall appearance of the truck and trailer he was driving. *See United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003); *United States v. Estrada*, 459 F.3d 627, 632 (5th Cir. 2006); *United States v. Sanchez*, 507 F.3d 877, 882 (5th Cir. 2007), *vacated on other grounds*, 553 U.S. 1029 (2008).

Saldana additionally contends that there were no intervening circumstances to break the causal chain between his alleged illegal detention and his consent to search. Because Saldana's consent was not preceded by an

No. 15-50576

illegal detention, his argument cannot succeed.  *See United States v. Khanalizadeh*, 493 F.3d 479, 484 (5th Cir. 2007).

Lastly, Saldana argues that, even if he voluntarily consented to the search, its scope exceeded the consent he provided.  Not so: Saldana twice gave his consent to the search and placed no limits on its scope, so he has failed to show any error, much less plain error.  *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008); *United States v. Rich*, 992 F.2d 502, 506-08 (5th Cir. 1993). The judgment of the district court is AFFIRMED.